ATTORNEYS FOR APPELLANT
JOSEPH J. REISWERG
David T. Kasper
Julia Blackwell Gelinas
Maggie L. Smith
Lucy R. Dollens
Darren A. Craig
Indianapolis, Indiana

ATTORNEYS FOR APPELLANT
COHEN GARELICK & GLAZIER
Michael E. Brown
Eric D. Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Todd J. Kaiser
John K. Henning
Indianapolis, Indiana



FILED

May 06 2010, 3:07 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-0906-CV-280

JOSEPH J. REISWERG AND
COHEN GARELICK & GLAZIER,

*Appellants (Defendants below),*

v.

PAM STATOM,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49D01-0511-PL-043816
The Honorable David A. Shaheed, Judge

On Petition t o Transfer from the Indiana Court of Appeals, No. 49A02-0801-CV-49

**May 6, 2010**

**Boehm, Justice.**

In this interlocutory appeal, Joseph Reiswerg and the law firm of Cohen Garelick and Grazier filed motions for summary judgment asserting an affirmative defense of statute of limitations to Pam Statom's attorney malpractice lawsuit against them. The trial court granted Sta-

tom's motion to strike both motions, stating that Reiswerg and the law firm had waived the statute of limitations defense by failing to raise it in response to Statom's motion for partial summary judgment against them.  We reverse the trial court and hold that a party does not waive an affirmative defense by failing to raise it in response to a motion for partial summary judgment that would not be dispositive as to the issue of liability.

**Facts and Procedural History**

In December 1998, Pam Statom underwent sinus surgery at the Veterans Affairs hospital in Indianapolis.  According to Statom, this surgery resulted in several problems, and she retained attorney Joseph Reiswerg to pursue a malpractice action against the Department of Veterans Affairs (VA).  Reiswerg shared office space with Cohen Garelick and Grazier (CGG) and worked as a contract attorney with the law firm.  Reiswerg filed a Tort Claims Notice for Statom notifying the VA of her intent to sue for malpractice.  According to Reiswerg, he filed the notice in November 2000, within the two-year period for filing claims against the VA.[1]  He did not send the notice by certified mail and did not verify that the VA had received it before the period expired.  The VA determined that its stamp showed the notice was received in February 2001, and denied the claim as untimely.

Reiswerg withdrew as Statom's attorney after filing a notice of Statom's appeal to federal district court pursuant to 28 U.S.C. § 1346(a)(2) (2004), seeking review of the VA's administrative rejection of Statom's claim.  Statom proceeded pro se in federal court, and in April 2004 summary judgment was entered in favor of the VA on the ground that Statom's claim was time-barred.  In November 2005 Statom brought this action in Marion Superior Court against Reiswerg and CGG, alleging legal malpractice in Reiswerg's failure to file a timely federal tort claims notice, and also asserting fraud and constructive fraud claims against both defendants. The answers filed by Reiswerg and CGG to Statom's complaint each asserted as an affirmative defense that Statom did not file her lawsuit within the statute of limitations for filing claims of legal malpractice.

---

[1] 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

After almost a year of discovery, on the November 20, 2006 deadline for dispositive motions, Statom moved for partial summary judgment, seeking a ruling that CGG and Reiswerg were "negligent as a matter of law."[2] Neither Reiswerg nor CGG raised the statute of limitations in response to Statom's motion for partial summary judgment.

The court found fact issues to preclude summary judgment as to CGG but granted the requested partial summary judgment as to Reiswerg. The trial court ruled that Reiswerg was "negligent as a matter of law" and that he "breached the standard of care in his representation of Ms. Statom and this breach caused [her] harm in that she lost the opportunity to pursue a meritorious medical malpractice claim." Reiswerg sought certification of the partial summary judgment order for discretionary interlocutory appeal. The trial court certified the partial summary judgment order for interlocutory appeal but the Court of Appeals denied Reiswerg's request for leave to appeal.

In July 2007, Reiswerg and CGG moved for summary judgment on the ground that the statute of limitations for legal malpractice had expired before Statom filed her complaint. Statom moved to strike both motions, arguing that the motions were filed after the deadline for filing summary judgment motions and also that Reiswerg and CGG had waived this affirmative defense by failing to assert it in response to Statom's motion for partial summary judgment. The trial court granted the motion to strike as to both defendants. Both defendants sought and received trial court certification of that order for interlocutory appeal, and the Court of Appeals accepted this appeal. The trial court also certified its partial summary judgment order against Reiswerg as a final judgment for appeal under Trial Rule 54(B).

The Court of Appeals first addressed the appealability of the partial summary judgment order. The court held that the trial court erred in certifying the order as a final judgment under Trial Rule 54(B). That rule permits appeals of final judgments as to one or more, but less than

---

[2] Both defendants sought and received an extension of time to respond until January 20, 2007. CGG filed a timely response, but on January 19, 2007, Reiswerg sought another extension of time, which was denied. Reiswerg subsequently filed a response to Statom's motion for partial summary judgment but the trial court refused to consider it. Statom points to a number of claimed defects in Reiswerg's motion for additional time to respond to her motion for partial summary judgment. The Court of Appeals did not address these issues, and neither do we, as they bear only on whether Statom's motion for partial summary judgment was properly granted which is not challenged here.

3

all, of the "claims" in an "action" if the trial court finds no just reason for delay. The ruling on the plaintiff's motion for partial summary judgment as to Reiswerg's negligence left causation and damages undecided and therefore did not address all issues as to the claim against Reiswerg. Reiswerg's attempt to appeal this order was therefore dismissed as not properly appealable under Trial Rule 54(B), and not appealable as a discretionary interlocutory appeal because it was not certified under Appellate Rule 14. Reiswerg v. Statom, 897 N.E.2d 490, 496 (Ind. Ct. App. 2008) (reh'g granted, 901 N.E.2d 1164, 1168 (Ind. Ct. App. 2009) (affirming prior opinion in all respects)).

The Court of Appeals then addressed the trial court's order striking the defendants' summary judgment motions. The Court of Appeals affirmed that order as to Reiswerg and reversed it as to CGG. Id. at 500. The Court of Appeals agreed with the trial court that Reiswerg had waived his statute of limitations defense by failing to raise it in response to the plaintiff's motion for partial summary judgment. As to CGG, however, the Court of Appeals held that because the trial court denied the plaintiff's motion for partial summary judgment as to CGG's negligence, there was no waiver of CGG's defense based on the statute of limitations. We granted transfer.

For the reasons explained below, we agree with the Court of Appeals that the only issues presented in this appeal are those raised by the trial court's order certified for interlocutory appeal. These are whether the trial court erred when it granted Statom's motion to strike the defendants' motions for summary judgment on the ground that the defendants had waived the statute of limitations affirmative defense by failing to raise it in response to Statom's motion for partial summary judgment on the negligence issue.[3]

**Standard of Review**

In many circumstances, a trial court has broad discretion when it rules on a motion to strike. In re Fitz, 778 N.E.2d 432, 436 (Ind. Ct. App. 2002). Here, however, the motion to strike was based on a pure question of law—whether Reiswerg and CGG had waived their affirmative

---

[3] Statom also argues to this Court that the trial court properly struck the defendants' motions for summary judgment because they were filed after the deadline for filing dispositive motions. Statom did not raise this contention in the Court of Appeals. A party may not raise an issue for the first time on petition to transfer. Morton v. Ivacic, 898 N.E.2d 1196, 1199 n.1 (Ind. 2008); Wurster v. State, 715 N.E.2d 341, 345 n.4 (Ind. 1999).

4

defenses by failing to raise them in response to Statom's motion for partial summary judgment. As such, we review the trial court's decision de novo.

## I. Motion for Partial Summary Judgment

Statom moved for partial summary judgment pursuant to Indiana Trial Rule 56, which allows a party to move for summary judgment on "all or any part" of a claim. Statom's motion for partial summary judgment asked the trial court for a determination that Reiswerg and CGG were "negligent as a matter of law" and that "their negligence caused harm to Statom." The elements of an action for legal malpractice are: "(1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff." Solnosky v. Goodwell, 892 N.E.2d 174, 181 (Ind. Ct. App. 2008) (quoting Clary v. Lite Machs. Corp., 850 N.E.2d 423, 430 (Ind. Ct. App. 2006)). Proximate cause embraces both factual causation and scope of liability. Kovach v. Caligor Midwest, 913 N.E.2d 193, 197 (Ind. 2009); see generally Restatement (Third) of Torts ch. 6, special note on proximate cause (2010). Statom's motion for partial summary judgment sought to eliminate breach and factual causation, but it did not seek to resolve all issues bearing on liability. A number of these issues remained open, including comparative fault as between the plaintiff and the defendant and as among defendants, scope of liability, and any affirmative defenses.

Statom's motion sought partial summary judgment on the issue of negligence, "leaving damages and allocation of fault" for trial. Statom's motion for partial summary judgment did not mention, much less negate Reiswerg's affirmative defense of statute of limitations, and did not seek to establish liability. A party responding to a motion for summary judgment is entitled to take the motion as the moving party frames it. The defendants were under no obligation to raise their affirmative defenses in response to the motion for partial summary judgment that Statom presented. A non-movant is not required to address a particular element of a claim unless the moving party has first addressed and presented evidence on that element. Jarboe v. Landmark Community Newspapers, Inc., 644 N.E.2d 118, 123 (Ind. 1994); see also Kennedy v. Murphy, 659 N.E.2d 506, 508 (Ind. 1995) (plaintiff need not address the issue of causation in response to defendant's motion for summary judgment on the standard of care element in medical malprac-

5

tice action). These decisions addressed issues on which the moving party had the burden of proof. In the case before us today, the affirmative defense of statute of limitations is one on which the non-moving defendants had the burden of proof, but this does not alter the plaintiff's obligation to put in play the issue upon which the plaintiff seeks relief. Here, Statom did not do that. The statute of limitations was asserted as an affirmative defense in the defendants' answers to the complaint. If Statom wished to resolve all issues as to liability by summary judgment, it was her burden to seek summary judgment on liability. She could also have addressed the statute of limitations directly. If she had done either of these, the limitations defense would have been waived if not presented in response to her motion. But she did neither, and therefore did not raise the raise the adequacy of the defendants' affirmative defenses.

We agree with those cases holding that a party is required to assert affirmative defenses in response to a motion for summary judgment that would dispose of the case or a motion for partial summary judgment that would establish liability.[4] But none of these cases holds that a motion for partial summary judgment on an issue less than liability requires the responding party to assert affirmative defenses or any other issue beyond those raised by the relief sought by the moving party. Both the trial court and the Court of Appeals cited Madison Area Educational Special Services Unit v. Daniels, 678 N.E.2d 427 (Ind. Ct. App. 1997), trans. denied, in holding

---

[4] See Criss v. Bitzegaio, 420 N.E.2d 1221, 1224 (Ind. 1981) (defendants waived affirmative defenses when they failed to assert them in response to motion for summary judgment which sought declaration that defendants and plaintiff had orally agreed to purchase real estate together); H&G Ortho, Inc. v. Neodontics Int'l, Inc., 823 N.E.2d 718, 731 (Ind. Ct. App. 2005) (where motion for summary judgment addressed violation of a provision of a non-competition agreement, defendants waived unenforceability defense by failing to assert it in response to summary judgment motion); Paint Shuttle, Inc. v. Cont'l Cas. Co., 733 N.E.2d 513, 519 (Ind. Ct. App. 2000), trans. denied (defendant must show genuine issue of material fact as to each element of an affirmative defense to preclude summary judgment for plaintiff); Brenneman Mech. & Elec., Inc. v. First Nat'l Bank of Logansport, 495 N.E.2d 233, 240 (Ind. Ct. App. 1986), trans. denied (non-moving party has the burden of asserting an affirmative defense that is necessarily resolved by the requested partial summary judgment); Moll v. S. Cent. Solar Sys., Inc., 419 N.E.2d 154 (Ind. Ct. App. 1981), disapproved in part on other grounds, Enservco, Inc. v. Indiana Sec. Div., 623 N.E.2d 416, 425 (Ind. 1993) (non-moving party's conclusory restatement of allegations of complaint in response to motion for summary judgment was not sufficient to preclude summary judgment); Assocs. Fin. Servs. Co. of Kentucky v. Knapp, 422 N.E.2d 1261, 1265 (Ind. Ct. App. 1981) (defendant waived affirmative defense of fraud where he failed to raise it in response to plaintiffs' motion for summary judgment in mortgage foreclosure action); Flynn v. Klineman, 403 N.E.2d 1117, 1126 (Ind. Ct. App. 1980) (defendants waived affirmative defenses by failing to address them in either their own motion for summary judgment or in opposition to plaintiff's cross-motion for summary judgment, both of which would have resolved the issue of liability).

that Reiswerg and CGG had waived the statute of limitations defense by failing to assert it in response to Statom's motion for partial summary judgment. We do not find Daniels persuasive here. Daniels was a proceeding in which the only issue was the plaintiff's entitlement to attorneys' fees available to the "prevailing party" in an administrative proceeding under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 (2004). See 511 Indiana Administrative Code 7-15-6(q) (1991 & Supp. 1993), (awarding attorneys' fees to the prevailing party). The Court of Appeals held that a school district had waived its statute of limitations defense to the claim for attorneys' fees by failing to raise it in response to a family's motion for partial summary judgment which, as described in the opinion, was "for summary judgment." Daniels, 678 N.E.2d at 430. There is no mention in Daniels of the effect of a partial summary judgment on an affirmative defense. We read the Daniels opinion as treating the motion as one for partial summary judgment as to liability, leaving only damages to be resolved. The court merely held that by failing to assert the statute of limitations in response to the plaintiffs' motion for summary judgment as to liability, the School waived the defense. Id.

Daniels is consistent with those cases that found an affirmative defense waived if not asserted in response to a motion for summary judgment that disposed of the entire issue of liability. It is similar to Pantry, Inc. v. Stop-N-Go Foods, Inc., 796 F. Supp. 1164, 1167–68 (S.D. Ind. 1992), which held that a defendant waived affirmative defenses by failing to assert them in response to plaintiff's motion for partial summary judgment on issue of liability. As Judge Tinder explained, "[w]hen a party moves for a summary judgment on the issue of liability, the non-movant is thereby placed on notice that all arguments and evidence opposing a finding of liability must be presented to properly resolve that issue." Id. at 1167. But neither Daniels nor Pantry supports the view that a motion such as Statom's that seeks resolution of some but not all elements of liability requires the non-movant to present its affirmative defenses.

No Indiana case has heretofore addressed this issue in the context of a motion for partial summary judgment on less than liability. However, decisions from other jurisdictions are consistent with our view.[5] Where, as here, the plaintiff moves only for partial summary judgment on

---

[5] See Books A Million, Inc. v. H & N Enters., Inc., 140 F. Supp. 2d 846, 851 (S.D. Ohio 2001) (plaintiff's motion for partial summary judgment did not address defendant's affirmative defenses; therefore, defendant had no obligation to address those defenses in response to plaintiff's motion); cf. Cytec Indus., Inc. v. B.F. Goodrich Co., 232 F. Supp. 2d 821, 830 (S.D. Ohio 2002) (grant of partial summary judgment on

an issue or an element but not as to liability, the defendant is under no obligation to present all of its affirmative defenses at the summary judgment stage. In short, Statom moved for partial summary judgment, seeking only a declaration that the defendants were negligent as a matter of law. If Statom wanted to move for partial summary judgment on the issue of liability, her motion should have so stated. It did not. She cannot now claim a victory greater than she sought and greater than she placed in issue.

## II. The Effect of the Trial Court's Denial of Summary Judgment as to CGG

The trial court granted Statom's motion to strike both Reiswerg's and CGG's motions for summary judgment asserting the statute of limitations defense. The Court of Appeals reversed as to CGG, finding that "the fundamental difference between Reiswerg and CGG is that the trial court denied the motion for partial summary judgment as to CGG." Reiswerg v. Statom, 897 N.E.2d 490, 499 (Ind. Ct. App. 2009). The Court of Appeals relied on Abbott v. Bates, 670 N.E.2d 916 (Ind. Ct. App. 1996), for this conclusion. In Abbott, the plaintiff filed a foreclosure action against Abbott both individually and as trustee. The trial court granted summary judgment against Abbott individually but not against Abbott as trustee. Abbott later attempted to assert affirmative defenses, and the court found that she had waived them individually but not as trustee. The Court of Appeals held that the waiver determination in Abbott was based on the success or failure of the plaintiff's motion for summary judgment with respect to Abbott individually and Abbott as trustee. Reiswerg, 897 N.E.2d at 499. We read Abbott differently, and conclude the difference in result turned on whether the summary judgment was dispositive of an entire claim:

> [W]e cannot say with certainty that the first order was dispositive as to this issue. Thus, Abbott was not required to preserve the issue of the mortgages' validity by appealing from the first grant of summary judgment nor was she precluded from raising the issue in opposition to Bates' second motion for summary judgment.

Abbott, 670 N.E.2d at 921. We do not agree that whether Statom's motion for partial summary judgment succeeded or failed controls its preclusive effect. Specifically, a party's success or failure in opposing a partial summary judgment motion does not dictate whether that party

liability did not mean that defendant waived statute of limitations defense where defendant properly addressed affirmative defense in response to motion).

8

waived an affirmative defense. Waiver of a contention is effected by the contention's being placed in issue by the movant and the non-movant's failure to raise it. When Statom moved for partial summary judgment on the issue of negligence, neither Reiswerg nor CGG asserted the statute of limitations in response. A non-movant's choice not to assert an affirmative defense as a response to a motion for partial summary judgment that does not implicate the affirmative defense does not bar later assertion of the defense.

## Conclusion

The trial court's order striking the defendants' motions for summary judgment is reversed. This case is remanded for proceedings consistent with this opinion.

Shepard, C.J., and Dickson, J., concur.

Rucker, J., concurs in result in part and dissents in part with separate opinion in which Sullivan, J., concurs.

9

**Rucker, Justice, concurring in result in part and dissenting in part.**

Because I believe the trial court correctly struck Reiswerg's motion for summary judgment on grounds that Reiswerg waived his statute of limitations defense by failing to raise it in response to Statom's motion for partial summary judgment, I respectfully dissent to Part I of the majority opinion. I concur in result to Part II.

The statute of limitations is an affirmative defense which must be both pleaded and proven by the party relying thereon. See Ind. Trial Rule 8(C). On the issue before us the law is well-settled and noncontroversial: an affirmative defense must be asserted in response to a motion for summary judgment. Otherwise the defense is waived. Flynn v. Klineman, 403 N.E.2d 1117, 1126 (Ind. Ct. App. 1980). See also Madison Area Educ. Special Servs. Unit v. Daniels, 678 N.E.2d 427, 430 (Ind. Ct. App. 1997), trans. denied (party waived affirmative defense of statute of limitations by failing to raise it until after trial court had ruled on summary judgment motion); Abbott v. Bates, 670 N.E.2d 916, 920 n.1 (Ind. Ct. App. 1996), trans. denied (defendant who raises an affirmative defense in its pleadings but subsequently fails to address the issue in opposition to a summary judgment motion waives the affirmative defense) (citations omitted).

In this case the majority says Reiswerg did not waive his affirmative defense of statute of limitations because he had no obligation to raise it in response to Statom's motion for summary judgment. This is so, according to the majority, because Statom's motion sought resolution only on "some but not all elements of liability . . . ." Slip op. at 7. This assertion is not an easy lift for the majority. Indeed the majority labors mightily to support its position. But this case is not complicated.

"Liability" is defined as "[t]he quality or state of being legally obligated or accountable." Black's Law Dictionary 997 (9th ed. 2009). This legal obligation or accountability can arise in numerous contexts, for example: absolute liability, derivative liability, joint and several liability, premises liability, products liability, strict liability, vicarious liability, etc. In the context of negligence, liability attaches in the event that negligence is shown. Mark v. Moser, 746 N.E.2d 410, 416 (Ind. Ct. App. 2001).

To establish negligence in the practice of law, a plaintiff must demonstrate: "(1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of duty); and (3) that *such negligence* was the proximate cause of (4) damage to the plaintiff." Solnosky v. Goodwell, 892 N.E.2d 174, 181 (Ind. Ct. App. 2008) (emphasis added). Here, Statom moved for partial summary judgment[1] on grounds that Reiswerg was "negligent as a matter of law," specifically asserting, "Reiswerg failed to comply with the standard of care in his representation of Statom and his breach of this duty caused harm." Joint App. at 147-48. In plain terms Statom alleged, and presented Indiana Trial Rule 56 materials demonstrating, that she hired Reiswerg as her attorney thus creating a duty to her, that he breached that duty by failing to exercise ordinary skill and knowledge, and this breach caused her harm. The extent of harm was the only issue left remaining. There was nothing more Statom was required to allege – and as a practical matter nothing more she could have alleged – to establish Reiswerg's negligence on her legal malpractice claim. At this point Reiswerg was obligated to respond timely to Statom's motion for summary judgment, including offering up his statute of limitation defense, which is a complete bar to an action. Anderson v. Scott, 575 N.E.2d 672, 674 n.4 (Ind. Ct. App. 1991) (citing Simmons v. Fenton, 480 F.2d 133, 136 (7th Cir. 1973)). When he failed to do so, the trial court properly granted summary judgment in Statom's favor, declaring in part that Reiswerg was "negligent as a matter of law" in that he "breached the standard of care in his representation of Ms. Statom and this breach caused [her] harm in that she lost the opportunity to pursue a meritorious medical malpractice claim." Joint App. at 37.

Under this State's long-standing and settled law, Reiswerg could not resurrect his statute of limitation defense in his own motion for summary judgment. It was too late. The defense had been waived. Easy case. The trial court properly struck Reiswerg's summary judgment motion, and its decision should be affirmed. Therefore on this issue I dissent. In all other respects I concur in the result reached by the majority.

Sullivan, J., concurs.

---

[1] This was a motion for partial summary judgment because negligence in the practice of law was only one of the claims Statom raised. She also alleged fraud and constructive fraud. Joint App. at 46-48.