## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 24 2016, 8:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David T. Schaefer
Anthony M. Zelli
Dinsmore & Shohl LLP
Louisville, Kentucky

ATTORNEYS FOR APPELLEE

Scott A. Benkie
Benkie & Crawford
Indianapolis, Indiana

Rodney V. Taylor
Hilary A. Barnes
Christopher & Taylor
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenworth of Indianapolis, Inc.,
Kenworth of Indianapolis, Inc.
d/b/a ITC Acceptance
Company, and Paccar Inc.,

*Appellants-Defendants,*

v.

Seventy-Seven Limited, Convey
All, LLC, Keller Trucking, Inc.,
K&K Aggregate, Inc., Huber
Transport, LLC, Triple H
Trucking, LLC, and Custom
Hauling, Inc.

*Appellees-Plaintiff.*

March 24, 2016

Court of Appeals Case No.
49A02-1504-PL-249

Appeal from the Marion Superior
Court

The Honorable Cynthia Ayers,
Judge

Trial Court Cause No.
49D04-1010-PL-43362

**Altice, Judge.**

## Case Summary

[1]     Kenworth of Indianapolis, Inc. (Kenworth)[1] and Paccar Inc. (Paccar)[2] (collectively, the Defendants) raised a statute of limitations defense in their third motion for summary judgment.  During a subsequent status hearing, Seventy-Seven Limited, Convey All, LLC, Keller Trucking, Inc., K&K Aggregate, Inc., Huber Transport, LLC, Triple H Trucking, LLC, and Custom Hauling, Inc. (collectively, the Plaintiffs), argued that the Defendants had waived the statute of limitations defense by not raising it in response to what the Plaintiffs characterize as their cross-motion for summary judgment found in their response to the Defendants' first motion for summary judgment.  The trial court agreed with the Plaintiffs, concluding that the Defendants had waived the defense.  The Defendants present one issue for our review:  Did the trial court properly conclude that the Defendants waived their limitations defense?

[2]     We reverse and remand.

## Facts & Procedural History

---

[1] Kenworth is a local dealer of Kenworth trucks.

[2] Paccar is the parent company of Kenworth Truck Company.

[3]     This case involves a fleet of heavy-duty trucks manufactured by Paccar and sold by Kenworth to the Plaintiffs.[3] The Plaintiffs took delivery of the trucks beginning in late 2005 and continuing into early 2006. For each truck, the respective buyer signed a limited warranty agreement, which provided, in pertinent part, for a one-year limitation period from the accrual of a cause of action to file a claim against the Defendants.[4]

[4]     Immediately after delivery of the first set of trucks, several of the buyers complained to Kenworth that the trucks vibrated excessively while idling or at specified RPMs. Kenworth contacted Paccar, who then consulted with the manufacturers of the engine, transmission, and engine mounts, to resolve the vibration problem. In September 2006 the decision was made to install modified engine mounts. The new mounts initially reduced the vibration to acceptable levels, but the problem reoccurred in 2007. In 2008, the Defendants installed a different engine mount that they believed would be more durable. Again, the vibration was initially reduced to acceptable levels. By the end of 2008, the vibration problem was reoccurring in several of the trucks. At that point, Paccar provided the Plaintiffs with an extended warranty for a period of

---

[3] Plaintiffs were among a group of thirteen trucking companies that together ordered forty-nine identically configured trucks from Kenworth. These companies had independently been buying Kenworth trucks for years, but decided to coordinate truck orders to obtain discount pricing.

[4] The default provision under the Uniform Commercial Code is that an action for breach of any contract for sale must be commenced within four years after the cause of action accrues. Ind. Code § 26-1-2-725(1). This provision further provides: "By the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it." *Id*.

4 years or 250,000 miles, whichever came first. The warranty also included free engine mount replacements for as long as the Plaintiffs owned the trucks.

[5] On October 4, 2010, the Plaintiffs filed a complaint alleging breach of express and implied warranties, breach of contract, and constructive fraud. The Plaintiffs also sought rescission of the contract. The Plaintiffs amended their complaint in 2011 to add claims of estoppel and a claim of a valid rejection of non-conforming goods under the UCC. A third amended complaint was filed in 2013.[5] The Defendants filed an answer to the initial complaint and the amended complaints and in each asserted the expiration of the statute of limitations as an affirmative defense.

[6] On June 3, 2013, the Defendants jointly filed a motion for summary judgment with regard to the Plaintiffs' claims for breach of warranty, incidental and consequential damages, and rescission of the contract based upon revocation of acceptance. On August 20, 2013, the Plaintiffs filed "Plaintiffs' Response in Opposition to Defendants' (Paccar, Inc. and Kenworth of Indianapolis, Inc.) Joint Motion for Summary Judgment." *Appellants' Appendix* at 117. The trial court held a summary judgment hearing on August 28, 2013. The Defendants presented their arguments and then in their response, the Plaintiffs stated that they were "asking for summary judgment on those points . . . as a cross motion." *Transcript of August 28, 2013 Hearing* at 33. The Defendants

---

[5] This pleading is not included in the record on appeal.

responded, asserting that the Plaintiffs had not filed a motion for summary judgment and at the very least, they were entitled to notice and an opportunity to be heard if indeed the Plaintiffs were moving for summary judgment. To show that they had filed a cross-motion, the Plaintiffs pointed to the last sentence of their response brief, which states, "Plaintiffs respectfully submit that Plaintiffs' Cross-Motion for Summary Judgment as to the Breach of Contract, Breach of Warranty, and Constructive Fraud be granted." *Id*. at 163. On October 24, 2013, the trial court entered an order denying the Defendants' motion for summary judgment and the Plaintiffs' cross-motion for summary judgment. The Defendants requested that the trial court certify this order for interlocutory appeal, which request the trial court denied.

[7] The Defendants filed a third motion for summary judgment[6] on August 18, 2014. In this motion, the Defendants asserted a statute of limitations defense. During a status conference on August 26, 2014, the Plaintiffs argued that the Defendants had waived their limitations defense by not raising it in response to their cross-motion for summary judgment, which they claimed was included in their response to the Defendants' first motion for summary judgment. On September 18, 2014, both sides filed briefs in support of their respective positions regarding the issue of waiver of the limitations defense. On September 25, 2014, the trial court issued an order denying, in part, the

---

[6] According to an entry in the chronological case summary, the Defendants filed a second motion for summary judgment with respect to a claim of actual fraud on January 22, 2014. A second CCS entry indicates that this motion was granted after a hearing.

Defendants' third motion for summary judgment, finding that the Defendants had waived their limitations defense.[7] The Defendants filed a motion to correct error, which the trial court denied after a hearing. Upon the Defendants' request, the trial court certified the partial summary judgment order for interlocutory appeal. This court accepted jurisdiction.

## Discussion & Decision

[8] The narrow issue before us is whether the trial court properly determined that the Defendants had waived their statute of limitations defense. The Defendants assert that no waiver can occur unless the Plaintiffs actually filed a motion for summary judgment, thereby putting them on notice and affording them an opportunity to respond. The Plaintiffs assert that they filed a cross-motion for summary judgment by requesting such in the last sentence of their response to the Defendants' first motion for summary judgment. The trial court sided with the Plaintiffs and expressly denied the Plaintiffs' cross-motion for summary judgment.

[9] Our Supreme Court has recently addressed an issue similar to that presented here. In a petition for rehearing in *WellPoint, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 38 N.E.3d 981, 983-84 (Ind. 2015), our Supreme Court was presented with the scenario where the defendant sought summary judgment and

---

[7] On October 31, 2014, the trial court held another hearing to consider the remaining arguments raised in the Defendants' third motion for summary judgment.

raised some but not all of its affirmative defenses. The Court noted the defendant's success on many of its claims would have established its non-liability as to one or more counts of the complaint. *Id*. at 984. The denial of the defendant's summary judgment motion, however, would not have disposed of the entire issue of liability. *Id*. The Court held that in this instance the general waiver rule was inapplicable. *Id*. The Court's explanation is thus:

> For waiver of a contention to occur, it must be "placed in issue by the movant." When, as here, the defendant moves for summary judgment and the plaintiff is the non-moving party, the defendant has no duty to raise all of its affirmative defenses unless another moving party "has first addressed and presented evidence on that element." In the absence of a duty to raise one or more affirmative defenses, a defendant's failure to do so cannot constitute waiver. This principle is also consistent with the unequivocal limitation in Trial Rule 56(B) precluding courts from granting summary judgment for a non-moving party except as to issues raised by the motion.

*WellPoint, Inc.*, 38 N.E.3d at 984 (citations omitted).

[10]     As in *WellPoint*, here, the Defendants moved for summary judgment and the Plaintiffs were the non-moving party. With their motion the Defendants defined the scope of the issues to be addressed and were under no obligation to raise all of their affirmative defenses, including their limitations defense. The trial court was likewise limited to addressing only those issues presented by the Defendants as the moving party. *See id*.; T.R. 56(B). The Defendants did not raise the statute of limitations defense in their motion. In the absence of a

motion for summary judgment filed by the Plaintiffs as to the issue of liability, the Defendants were under no obligation to present their limitations defense.

[11] We now address whether the Defendants' duty to present their limitations defense was triggered by the Plaintiffs' response to the Defendants' first summary judgment motion. As our Supreme Court has before acknowledged, there is a line of cases "holding that a party is required to assert affirmative defenses in response to a motion for summary judgment that would dispose of the case or a motion for partial summary judgment that would establish liability." *Reiswerg v. Statom*, 926 N.E.2d 26, 31 (Ind. 2010). The Defendants do not dispute this rule of law, but rather argue that the Plaintiffs never filed a motion for summary judgment so as to trigger the Defendants' duty to raise their limitations defense.

[12] In arguing that their response constituted a cross-motion for summary judgment, the Plaintiffs direct us to the opening paragraph, which provides that the pleading is their response to Defendants' "Joint Motion for Summary Judgment Motion for Summary Judgment." *Appellants' Appendix* at 117. In their brief on appeal, the Plaintiffs misrepresent this sentence as containing the word "and" between the references to a motion for summary judgment and assert that such is a clear reference to their filing of a cross-motion for summary judgment. *See Appellees' Brief* at 12. The word "and" does not appear in the actual document. It therefore cannot be read as urged by Plaintiffs as a clear request for summary judgment in their favor.

[13] The Plaintiffs also point to the last sentence of their response in which they explicitly request that the court grant their "Cross-Motion for Summary Judgment." *Appellants' Appendix* at 163. Indiana Trial Rule 56(C) requires the party seeking summary judgment to serve the motion and any supporting affidavits in accordance with Ind. Trial Rule 5. The adverse party then has thirty days after service to serve a response and any opposing affidavits. *Id*. "When a party moves for summary judgment on the issue of liability, the non-movant is thereby placed on notice that all arguments and evidence opposing a finding of liability must be presented to properly resolve that issue." *Reiswerg*, 926 N.E.2d at 32 (quoting *Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 796 F.Supp. 1164, 1167 (S.D. Ind. 1992)).

[14] Hiding a request that the trial court grant a cross-motion for summary judgment in the last sentence of a response brief is not a proper motion for summary judgment and does not adequately put a party on notice. For this same reason, we disagree with any contention that the Plaintiffs' reference to their purported cross-motion for summary judgment during the hearing on Defendants' first motion for summary judgment was sufficient to trigger the Defendants' duty to raise their limitations defense. We agree with the Defendants that the Plaintiffs did not file a cross-motion for summary judgment.

[15] To be sure, the Plaintiffs response was just that—a response. The Plaintiffs' references throughout their response that they were entitled to summary judgment or that certain claims should be resolved in their favor "[a]s a matter of law" are likewise responses to the claims raised in Defendants' summary

judgment motion. *See, e.g., Appellants' Appendix* at 159, 162. Such responses are not evidence that the Plaintiffs' were seeking summary judgment outside the scope of claims raised by the Defendants. Absent a proper motion for summary judgment seeking to establish liability, the Defendants' duty to present their limitations defense was not triggered.

[16] As noted above, in defining the scope of the issues, the Defendants did not raise the statute of limitations defense. That issue was therefore not before the court. Thus, the trial court's determination that the Defendants waived their limitations defense was erroneous. We therefore reverse the trial court's grant of partial summary judgment in favor of the Plaintiffs on the issue of waiver of the Defendants limitations defense.

[17] Judgment reversed and remanded.

[18] Robb, J., concur in result without opinion.

[19] Barnes, J., concur.