

**FILED**

Jan 08 2018, 8:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEES |
|---|---|
| Jason R. Delk | John M. Stevens |
| Delk McNally LLP | John H. Brooke |
| Muncie, Indiana | Brooke Stevens, P.C. |
| | Muncie, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael P. Quirk, | January 8, 2018 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A02-1706-PL-1208 |
| v. | Appeal from the Delaware Circuit Court |
| Delaware County, Indiana and The Board of Commissioners of Delaware County, Indiana, | The Honorable Peter Haviza, Special Judge |
| *Appellee-Defendants* | Trial Court Cause No. 18C01-1210-PL-28 |

**May, Judge.**

[1] Michael P. Quirk ("Quirk") appeals the trial court's grant of summary judgment in favor of Delaware County, Indiana, and the Board of Commissioners of Delaware County, Indiana (collectively, "Delaware"). He asserts that because Delaware did not respond to his motion for summary judgment within the thirty days allowed in Indiana Trial Rule 56(C), the trial

court erred when it allowed Delaware to submit a brief after the summary judgment hearing that raised new arguments regarding affirmative defenses and when it thereafter relied on Delaware's affirmative defenses to grant summary judgment to Delaware.[1]  Because Delaware's motion for summary judgment, which was filed before Quirk's motion for summary judgment, had asserted the argument and designated the evidence on which Delaware was entitled to summary judgment, we affirm.

# Facts and Procedural History[2]

[2]     Quirk was a public defender in Delaware County.  Starting in 2005, he was enrolled in their health benefits plan.  On July 1, 2011, Quirk was in a single-vehicle accident.  According to the vehicle's Event Data Recorder,[3] Quirk was speeding, was not using his seatbelt, and did not apply the brakes until he crashed.  Quirk's blood alcohol level was .363%.  Quirk was charged with and

---

[1] We held oral argument in this case on December 5, 2017, in the Indiana Court of Appeals Courtroom.  We thank counsel for their able advocacy.

[2] Neither party provided a Statement of Facts in a narrative form as required by Appellate Rule 46(A)(6)(c); rather, they provided numbered lists of facts.  Quirk appears to have adopted his numbered list of facts from his "Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and Motion and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment" filed with the trial court on August 12, 2016.  (Appellant's App. Vol. II at 141.)  Delaware appears to have adopted its numbered list of facts from "Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment" filed with the trial court on April 18, 2016.  (Appellee's App. Vol. II at 9.)  For future reference, we remind counsel that the Statement of Facts should be in narrative form.

[3] The record does not provide any additional details about the Event Data Recorder.

convicted of Class A misdemeanor operating while intoxicated and Class A misdemeanor criminal recklessness.[4]

[3] When Quirk submitted his medical bills from the accident to the administrator of the Delaware County health insurance plan, they were denied due to the "Illegal Acts Exclusion" found in the policy's description of the coverage provided. (*See, e.g.,* Appellee's App. Vol. II at 128.)[5] This Illegal Acts Exclusion provides, in pertinent part:

> The Plan does not cover charges for any of the following services:
>
> \* \* \* \* \*
>
> (7)     To the extent permitted by applicable law, services and supplies rendered for any condition, Disability or expense resulting from or sustained as a result of being engaged in an illegal occupation, commission of or attempted commission of an assault or an illegal act unless resulting from an act of domestic violence or a physical or mental medical condition as would be prohibited under the Health Insurance Portability and Accountability Act of 1996.

(Appellant's App. Vol. II at 83.)

---

[4] Ind. Code § 9-30-5-1(b) (2001), and Indiana Code § 35-42-2-2 (2006), respectively.

[5] Quirk's appendix failed to include Delaware's response to his complaint, its Motion for Summary Judgment, or the exhibits it submitted with its Motion for Summary Judgment, including the documentation pertinent to Quirk's appeal through the insurance company's internal appeal procedure. Delaware submitted these in its own appendix.

[4] On October 12, 2011, Quirk appealed the denial of his claim through the insurance plan's internal appeal procedure. Again, this claim was denied due to the Illegal Acts Exclusion. In the appeal denial, Quirk was notified that the

> plan administrator has not been provided any information that would suggest that your illegal act . . . is the result of a physical or mental condition, such that the plan's exclusion for expenses resulting from or sustained as a result of the commission of your illegal act would be prohibited under the Health Insurance Portability and Accountability Act of 1996.

(Appellee's App. Vol. II at 129.)

[5] Quirk had further medical procedures resulting from the injuries acquired during the car accident, the claims for which were also denied under the Illegal Acts Exclusion. He again appealed, but his appeal was denied. He was again informed the medical bills would not be paid by the insurance company unless the illegal act was the result of a mental or physical medical condition. The record contains no evidence or argument that Quirk asserted, at any time during those insurance company proceedings, that he had a mental or physical medical condition that made the Illegal Acts Exclusion inapplicable.

[6] In October 2012, Quirk filed suit against Delaware for the unpaid medical bills, stating Delaware had breached the insurance contract and acted in bad faith. In Delaware's answer to the complaint, it asserted the affirmative defenses of estoppel, laches, accord and satisfaction, doctrine of unclean hands, and Statute of Frauds.

[7] On April 18, 2016, Delaware filed a motion for summary judgment based on the Illegal Acts Exclusion and designated in support thereof all "pleadings, answers to Discovery, policy of insurance, and attached affidavits and exhibits."[6] (*Id.* at 7.) Delaware offered exhibits in support of its motion, including: (1) proof of the car accident; (2) proof of Quirk's blood alcohol level of .363%; (3) proof Quirk was convicted of operating while intoxicated and criminal recklessness; (4) the insurance plan; (5) Quirk's enrollment in the insurance plan; (6) Quirk's appeal letters regarding the denial of benefits; and (7) the insurance plan's denial of claims wherein the reason for denial was explained.

[8] Quirk responded to Delaware's motion within his own motion for summary judgment. Therein, Quirk argued, for the first time, the mental medical condition exception ("Mental Medical Condition Exception") to the Illegal Acts Exclusion required Delaware to pay his claims. In the alternative, he also argued Delaware did not designate any evidence he was involved in an illegal act when the car accident occurred. Delaware did not file a response to Quirk's response or motion.

[9] The trial court held a hearing on the motions for summary judgment. On January 19, 2017, the trial court issued a "Ruling on Summary Judgment

---

[6] Delaware contended, in its motion for summary judgment, Quirk failed to respond to its Request for Admissions resulting in admission of those facts. (Appellee's App. Vol. II at 18-19.) When answering Delaware's motion, Quirk claimed he did respond. (Appellant's App. Vol. II at 169-183.) The trial court stated it would not "consider either the Request or the Answer." (*Id.* at 20.) We also do not consider them.

Motions" ("First Summary Judgment Order"), wherein it first denied Quirk's request for punitive damages for breach of duty to act in good faith finding Delaware to be a political subdivision and "not liable for punitive damages." (Appellant's App. Vol. II at 27.) Further, it found that because Quirk failed to assert the Mental Medical Condition Exception to the Illegal Acts Exclusion, Delaware did not breach its duty to act in good faith. However, the trial court delayed ruling on Quirk's breach of contract claim and requested the parties submit supplemental authority, ordering:

### G. ISSUE OF UNTIMELINESS

52. Delaware County has raised one additional concern which strikes true in this case.

> "If Mr. Quirk had a claim or exception to this determination (denial of his claim), he should have raised those claims with his insurer. Mr. Quirk was provided more than ample opportunity, over the course of the claim review and appeal process and chose not to present this evidence until the eve of Summary Judgment. Mr. Quirk's sudden argument that any newly proffered evidence should be considered must fail as a matter of law and the Plan Administrator's decision based on evidence available at the time should be upheld."

53. In its Answer, Delaware County raised the following affirmative defenses:

> 1. Plaintiff's claims are barred by waiver.

> 2. Plaintiff's claims are barred by estoppel.

> 3. Plaintiff's claims are barred by laches.
>
> 4. Plaintiff's complaint is barred by the doctrine of unclean hands.
>
> 54. This issue was not really at the forefront of the Summary Judgment arguments and was not briefed by both parties. The Court would like to have this issue briefed in this case which involves a claim for over $500,000.00 [sic]

(*Id.* at 25-26.)

[10]  In responding to the trial court's request for briefing as to timeliness, Quirk asserted he was not required to disclose the mental medical condition at any time during the underlying insurance claim and internal appeal proceedings. Accordingly, Quirk claimed he was entitled to judgment in his favor because the trial court acknowledged in its First Summary Judgment Order that the plan provided a Mental Medical Condition Exception to the Illegal Acts Exclusion and that Quirk "was suffering from mental medical conditions[,]" (*id.* at 25), at the time of the accident.

[11]  In its brief in response to the trial court's request as to timeliness, Delaware asserted Quirk failed to provide evidence of his mental medical condition during the insurance claims process; thus, Delaware claims, it properly denied his insurance claim under the Illegal Acts Exclusion. Additionally, Delaware argued the Plan Administrator had full discretion and authority to interpret the plan and decide whether to grant or deny an insurance claim. (*See id.* at 207.)

[12]     On May 2, 2017, in its second ruling on summary judgment, ("Second Summary Judgment Order"), the trial court granted Delaware's motion for summary judgment and denied Quirk's motion for summary judgment. In support thereof, the court found the Plan Administrator had "full discretionary power to take all actions necessary or proper to . . . construe and interpret this Plan [and t]o decide all questions of eligibility." (*Id.* at 31.) Moreover, it found

> that the Plan provides that 'Failure to submit written proof of loss with respect to a claim for Covered Charges before the deadline for submission of claims shall invalidate that claim, unless the affected Covered Person demonstrates to the satisfaction of the Plan Administrator that it was not reasonably possible to furnish such proof within the required time and that proof was furnished as soon as was reasonably possible.'

(*Id.*)

[13]     The trial court found the affirmative defenses of waiver, laches, and equitable estoppel applied because: (1) "[Quirk] intentionally chose not to submit additional evidence of his 'mental condition' within the designated time," (*id.* at 32); (2) "Delaware County [was] prejudiced by Quirk's delay," (*id.*); and (3) "Quirk's own actions prevent[ed] Delaware County from having the opportunity to examine his 'mental condition' at a pertinent time." (*Id.*) Applying those defenses, the trial court concluded "[b]y his own actions, Quirk is precluded from submittig [sic] new evidence at this late time[.]" (*Id.*) The trial court granted Delaware's motion for summary judgment and denied Quirk's because Quirk's late disclosure of facts that meet the Mental Medical

Condition Exception to the Illegal Acts Exclusion precluded his breach of contract claim.

## Discussion and Decision[7]

[14] We review summary judgment using the same standard as the trial court: summary judgment is appropriate only where the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[8] *Rogers v. Martin,* 63 N.E.3d 316, 320 (Ind. 2016). All facts and reasonable inferences are construed in favor of the non-moving party. *City of Beech Grove v. Beloat,* 50 N.E.3d 135, 137 (Ind. 2016). Where the challenge to summary judgment raises questions of law, we review them *de novo*. *Rogers,* 63 N.E.3d at 320. That the parties have filed cross-motions for summary judgment does not alter our standard of review. *Floyd Cty. v. City of New Albany*, 1 N.E.3d 207, 213 (Ind. Ct. App. 2014), *trans. denied*.

[15] A party who moves for summary judgment bears the risk that the court will enter summary judgment in favor of the non-moving party, even when the non-

---

[7] Although Quirk, in his Notice of Appeal, attached the trial court's First Summary Judgment Order, which is the final order as to Quirk's claim of bad faith, his brief does not provide any argument for why this ruling was in error, nor does he clearly indicate how the trial court erred in this ruling. As such this argument is waived. *See Carter v. Indianapolis Power & Light Co.*, 837 N.E.2d 509, 514 (Ind. Ct. App. 2005) ("A party generally waives any issue for which it fails to develop a cogent argument or support with adequate citation and portions of the record."), *reh'g denied, trans. denied*.

[8] Delaware advanced a different theory regarding the appropriate standard of review under which the trial court should have considered the motions for summary judgment. As we conduct this review, we are not concerned with the standard by which the underlying claim must be proven at trial, nor are we bound by the federal standard of review for Employee Retirement Income Security Programs (ERISA).

moving party has not filed a cross-motion for summary judgment or otherwise responded to the summary judgment motion. *Murphy v. Curtis,* 930 N.E.2d 1228, 1233 (Ind. Ct. App. 2010), *trans. denied.* A trial court is not required to grant an unopposed motion for summary judgment; summary judgment is awarded on the merits of the motion, not on technicalities. *Id. See also* Ind. Trial Rule 56(C) ("[s]ummary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits of evidence, but the court shall make its determination from the evidentiary matter designated to the court").

[16] An "adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits." T.R. 56(C). If opposing the motion, the adverse party is to "designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for the purposes of the motion." *Id.* When a non-moving party does not respond to a summary judgment motion within thirty days, the trial court cannot consider summary judgment filings that party subsequently makes. *Miller v. Yedlowski,* 916 N.E.2d 246, 251 (Ind. Ct. App. 2009), *trans. denied.* While a party who does not respond to a motion for summary judgment may be limited to the facts established by the movant's submissions, such failure to respond does not preclude argument of the relevant law on appeal. *Murphy,* 930 N.E.2d at 1234.

[17] Quirk appeals the trial court's entry of summary judgment in favor of Delaware because, he asserts, the trial court relied on arguments Delaware did not raise in

a timely fashion. Quirk argues the trial court had no discretion to permit Delaware, who failed to respond to his motion for summary judgment, to later file anything regarding those defenses. Quirk cites *Reiswerg v. Statom*, 926 N.E.2d 26 (Ind. 2010), to support his argument.

[18] In *Reiswerg*, our Indiana Supreme Court held a responding party is "under no obligation to raise their affirmative defenses in response to the motion for partial summary judgment" if that motion for partial summary judgment "did not mention, much less negate [the] affirmative defense." *Id.* at 30. However, if the motion for summary judgment would dispose of all liability, "a party is required to assert affirmative defenses in response[.]" *Id.* at 31. Indeed, the non-movant "must bring forth specific facts . . . to show a genuine issue for trial. *Abbott v. Bates*, 670 N.E.2d 916, 923 (Ind. Ct. App. 1996), *reh'g denied*.

[19] However, unlike *Reiswerg*, wherein the non-moving party was silent, Delaware had already filed its own motion for summary judgment and designated evidence in support of its claim that Quirk had failed, at any point, to assert he had a mental medical condition that rendered the Illegal Acts Exclusion inapplicable. Delaware included in its designated evidence: "the pleadings, answers to Discover, policy of insurance, and attached Affidavits and Exhibits." (Appellee's App. Vol. II at 7.)

[20] In his motion for summary judgment, Quirk asserted for the first time since the accident that he had a mental medical condition, and he designated affidavits of a doctor to that effect. He claims, in that motion, that because of the Mental

Medical Condition Exception, Delaware's reliance on the Illegal Acts Exclusion is misplaced. In his motion, he claims Delaware "never inquired as to whether any of the bills from the July 1, 2011 accident w[ere] the result of a 'mental medical condition' that would render the 'illegal act' exclusion inapplicable." (Appellant's App. Vol. II at 149.) However, the evidence designated by Delaware with its previously filed motion for summary judgment tells a different story.

[21] One of the exhibits designated by Delaware with its own motion for summary judgment is a letter from the Plan Administrator to Quirk dated October 28, 2011, which stated:

> The plan administrator has not been provided any information that would suggest that your illegal act (i.e., your commission of a Class A misdemeanor) is the result of a physical or mental condition, such that the plan's exclusion for expenses resulting from or sustained as a result of the commission of your illegal act would be prohibited under the Health Insurance Portability and Accountability Act of 1996.

(Appellee's App. Vol. II at 129.) Also in Delaware's designated evidence is a denial of benefits letter from March 23, 2012, in which Quirk was told the same information, verbatim. (*Id.* at 138.) Thus, although Quirk argues Delaware never requested information regarding a mental or physical medical condition, he was informed that he needed to do so for coverage to be available, and Delaware designated this evidence with its own motion for summary judgment.

[22] Quirk's assertion that Delaware needed to respond to his summary judgment motion to re-designate the same evidence and to advance the same arguments that were provided in Delaware's original motion for summary judgment is not supported by *Reiswerg* or any other law we found. *See, e.g., Filip v. Block*, 879 N.E.2d 1076, 1078 (Ind. 2008) (designation of evidence may happen in any of several ways and once designated by one party, the opposing party need not designate it again), *reh'g denied; see also Flynn v. Klineman*, 403 N.E.2d 1117, 1126 (Ind. Ct. App. 1980) (affirmative defense raised in pleadings was waived when "not addressed by any material either supporting defendants' motion for summary judgment or in opposition to [plaintiff's] cross-motion").

[23] The documentation from the insurance company's internal appeal procedure, designated by Delaware with its motion for summary judgment, demonstrated there was no genuine issue of material fact to support a claim of breach of contract because Quirk never notified Delaware of his mental medical condition. This failure during those proceedings is why his insurance claim was denied. Delaware asserted its affirmative defenses in its answer and in its motion for summary judgment, it designated evidence in its own motion for summary judgment that Quirk had not provided information of his mental medical condition during the claim and internal appeal process, and Quirk's own motion for summary judgment did not present evidence creating a genuine issue of material fact that he had notified Delaware of his mental medical condition during the claim and internal appeal process. Thus, Delaware was entitled to summary judgment because there was no genuine issue of material

fact it had not breached the contract when it denied Quirk's claim.[9]  *See, e.g.,* *Nikou v. INB Nat. Bank*, 638 N.E.2d 448, 455 (Ind. Ct. App. 1994) (affirming grant of summary judgment to defendant who had not filed response to plaintiff's cross-motion for summary judgment because defendant's motion for summary judgment "did designate sufficiently specific evidence to support its argument that there were no genuine issues of material fact . . . and that it was therefore entitled to judgment as a matter of law").

# Conclusion

[24] Although Delaware did not file a response to Quirk's motion for summary judgment, the trial court did not err in considering Delaware's previously designated evidence, and Delaware's arguments based thereon, when it granted summary judgment in favor of Delaware.  Accordingly, we affirm.

[25] Affirmed.


Barnes, J., and Bradford, J., concur.

---

[9] As Delaware had already demonstrated, via its motion for summary judgment, it was entitled to summary judgment, the trial court's request for and acceptance of subsequent briefing, if error, was harmless. *See* Ind. Appellate Rule 66(A) (No error is ground for relief when it did not impact the substantial rights of a party.).