## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 20 2018, 8:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Rodney L. Scott | Brian F. Haara |
| Tricia Kirkby Hofmann | Tachau Meek PLC |
| Waters, Tyler, Hofmann & Scott, LLC | Louisville, Kentucky |
| New Albany, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Floyd Memorial Hospital and Health Services, | August 20, 2018 |
| *Appellant-Defendant* | Court of Appeals Case No. 18A-PL-46 |
| v. | Interlocutory Appeal from the Harrison Circuit Court |
| Harrison County Hospital, | The Honorable Frank Newkirk, Jr., Special Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 31C01-1301-PL-01 |

**Bradford, Judge.**

# Case Summary

[1] In 2004, Harrison County Hospital ("HCH") and Floyd Memorial Hospital & Health Services ("Floyd") entered into a joint venture, Harrison-Floyd Health Services LLC (the "LLC"), to rent space for different practices in Harrison County, Indiana. The operating agreement (the "Operating Agreement") also provided that Floyd would offer HCH a right of first refusal before expanding its health services into Harrison County and further provided that Floyd would refrain from duplicating services already provided in Harrison County by HCH. In 2011, HCH filed a complaint alleging that Floyd breached the terms of the Operating Agreement when it acquired Harrison Family Medicine ("HFM"). In response, Floyd asserted several affirmative defenses which included abandonment, waiver, and equitable estoppel. Later, Floyd also raised issues regarding causation and damages.

[2] After a series of summary judgment motions and hearings, the trial court granted summary judgment in favor of HCH on the issue of breach. The trial court also denied Floyd's summary judgment motion on the issue of causation and damages and found that there were no genuine issues of material fact relating to Floyd's affirmative defenses. Instead of proceeding to a jury trial in 2018, Floyd sought discretionary interlocutory appellate review of several restated issues: (1) whether the trial court erroneously rejected, as a matter of law, the affirmative defenses of waiver, estoppel, and abandonment; (2) whether the trial court erroneously concluded that the right of first refusal clause in the Operating Agreement was enforceable under Indiana law; and (3)

whether the trial court properly denied Floyd's motion for summary judgment on the issue of damages Floyd's actions may have caused to HCH.

[3] Because there are genuine issues of material fact, we reverse and remand the trial court's judgment on the affirmative defenses of abandonment and waiver. The trial court's rulings on the equitable estoppel affirmative defense, the enforceability of the Operating agreement, and the issue of damages are affirmed.

# Facts and Procedural History

[4] In 2003, HCH and Floyd[1] were both county hospitals in southern Indiana. That year, the two hospitals agreed to enter into a joint venture to provide medical services in Harrison County. As a result of their shared desire for a partnership, HCH and Floyd drafted and signed the Operating Agreement for the LLC on February 23, 2004. HCH and Floyd agreed to jointly lease a space in Corydon where HCH would provide urgent care services and Floyd would provide occupational health services. In addition, Floyd agreed to give HCH a "right of first refusal" to join with Floyd in any further expansion by Floyd into Harrison County:

> Section 10.1. [Floyd] Covenant. [Floyd] agrees, on behalf of itself and its Affiliates, not to market its occupational health services to any business entity in Harrison County which utilizes a member

---

[1] Floyd has since been purchased by Louisville-based Baptist Health Systems.

of the HCH medical staff as its company physician, unless otherwise agreed to by HCH. Furthermore, in the event [Floyd] opts to expand any other health services in Harrison County, [Floyd] will provide HCH with a right of first refusal to participate in such expanded health services by means of a 50/50 joint venture between [Floyd] and HCH. With respect to the expansion of health services in Harrison County, Floyd agrees, on behalf of itself and its Affiliates, to use its good faith efforts to avoid duplication of services currently provided by HCH.

Appellant's App. Vol. II p. 47.

[5] Despite the fact that the parties did not follow the terms of the Operating Agreement for meetings, assessments, and the appointment of officers, the parties continued to abide by its terms in various ways. Both hospitals continued to pay rent for the space that they leased together in Corydon.[2] HCH also included the LLC in its audited financial statements submitted to the Indiana State Board of Accounts.[3]

[6] In 2009, Floyd acquired a physical therapy clinic in Corydon called PT Works. HCH did not object or assert any rights to participate in the expansion under the Operating Agreement. In 2010, Floyd made plans to expand its services in Harrison County through the purchase of a family practice group, Harrison Family Medicine ("HFM"). At that same time, HCH also explored the

---

[2] Floyd references a lease guaranty in its brief, but there is no evidence in the record that shows a guaranty was ever signed by either party.

[3] HCH continued to recognize the LLC in its statements until 2012.

possibility of purchasing HFM. HCH, however, was not under the same contractual duty to offer a right of first refusal as Floyd. Floyd proceeded with its plans to purchase without ever offering HCH a right of first refusal. HFM was fully acquired by Floyd in September of 2011.

[7] On December 10, 2012, Floyd provided written notice of its desire to dissolve the LLC.[4] On January 2, 2013, HCH filed its lawsuit against Floyd alleging breach of contract, breach of fiduciary duty, unjust enrichment, and promissory estoppel. The following month, the LLC was officially dissolved when Floyd filed Articles of Dissolution with the Indiana Secretary of State.

[8] On December 22, 2014, Harrison filed a motion for partial summary judgment, asking that the trial court find as a matter of law that Floyd breached the Operating Agreement. After some discovery, Floyd filed its response on February 25, 2016. Floyd also filed a cross-motion for summary judgment. In May of 2016, the trial court entered an order granting HCH's motion for partial summary judgment and ruling that the undisputed evidence established as a matter of law that Floyd breached the parties' Operating Agreement. The trial court also denied Floyd's motion for summary judgment in which it argued legal defenses to the enforcement of the Operating Agreement.

---

[4] At all times since its formation, Harrison-Floyd Health Services, LLC remained an active in-good-standing company under Indiana law. However, either party could have unilaterally dissolved the company at any time.

[9] On June 17, 2016, Floyd filed a motion to reconsider the order granting HCH's motion for partial summary judgment. Floyd then filed a second motion for summary judgment in July of 2016, arguing that HCH could not establish causation or damages as a result of Floyd's breach. In September of 2017, the trial court held a hearing on both Floyd's motion to reconsider and its second motion for summary judgment. On October 19, 2017, the trial court entered an order reaffirming its prior order of May 2016 granting HCH partial summary judgment. The trial court also denied Floyd's second motion for summary judgment on the question of breach.

[10] Instead of proceeding to the jury trial which was schedule to begin in May of 2018, Floyd sought discretionary interlocutory appellate review of several restated issues: (1) whether the trial court erroneously rejected, as a matter of law, the affirmative defenses of waiver, estoppel, and abandonment; (2) whether the trial court erroneously concluded that the right of first refusal clause in the Operating Agreement was enforceable under Indiana law; and (3) whether the trial court properly denied Floyd's motion for summary judgment on the issue of damages Floyd's actions may have caused to HCH.

# Discussion and Decision

[11] We review summary judgment using the same standard as the trial court. *Quirk v. Delaware Cty*, 91 N.E. 3d 1008 (Ind. Ct. App. 2018). The fact that a party has filed a cross-motion does not alter our standard of review. *Floyd Cty v. City of New Albany*, 1 N.E.3d 207 (Ind. Ct. App. 2014). Summary judgment is only

appropriate where the designated evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*. All facts and inferences are construed in favor of the non-moving party. *City of Beech Grove v. Beloat*, 50 N.E.3d 135, 137 (Ind. 2016). When the challenge to summary judgment raises questions of law, we review them *de novo*. *Rogers v. Martin*, 63 N.E.3d 316, 320 (Ind. 2016). The party opposing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *City of Lawrenceburg v. Milestone Contractors*, 809 N.E.2d 879, 882–83 (Ind. Ct. App. 2004).

# I. Affirmative Defenses

Floyd argues that the trial court erred by ruling that there were no genuine issues of material facts relating to the affirmative defenses.

## A. Abandonment

The first affirmative defense raised by Floyd was abandonment.

> The abandonment of a contract is a matter of intention to be ascertained from the facts and circumstances surrounding the transaction from which the abandonment is claimed to have resulted. An abandonment of a contract need not be express but may be inferred from the conduct of the parties and attendant circumstances. A contract will be treated as abandoned when the acts of one party, inconsistent with the existence of the contract, are acquiesced in by the other party. Abandonment of a contract is a mixed question of law and fact; what constitutes an abandonment is a question of law; and whether there has been an abandonment is a question of fact.

*DiMaggio v. Rosario*, 52 N.E.2d 896, 906 (Ind. Ct. App. 2016).

In support of Floyd's claim that the Operating Agreement was abandoned, the designated evidence shows that HCH knowingly "decided just to sort of let it pass" when it heard that Floyd had purchased PT Works in 2009. Appellant's App. Vol. III p. 37. Further, in answering a questions about the origin of the current lawsuit, the HCH CFO testified in a deposition that "We discussed our options of – of doing nothing, basically *just like we had with the PT Works acquisition . . . .*" Appellant's App. Vol. III p. 38 (emphases added).

Meanwhile, in support of its claim that the Operating Agreement was not abandoned, HCH points to, among other things, the fact that it continued to file reports with the Secretary of State's office and file tax returns on behalf of the LLC. HCH also highlights the fact that Floyd disclosed its interest in the LLC in the audited financial statement that it filed as a matter of public record with the State Board of Accounts. Based upon the abovementioned evidence and arguments, each party presented designated evidence supporting their respective positions on the abandonment of the Operating Agreement. Consequently, the trial court erred when it concluded that there were no genuine issues of material fact as to the abandonment affirmative defense.

## B. Waiver

The second affirmative defense that Floyd raised was waiver. Waiver is the intentional relinquishment of a known right involving both knowledge of the existence of the right and the intention to relinquish it. *Rogier v. Am. Testing and*

*Eng'g Corp.*, 734 N.E.2d 606, 620 (Ind. Ct. App. 2000).  Whether there has been waiver of a contract provision is ordinarily a question of fact.  *van de Leuv v. Methodist Hosp. of Ind., Inc.*, 642 N.E.2d 531, 533 (Ind. Ct. App. 1994).

[17]  Floyd argues that HCH waived its rights to enforce the contractual right of first refusal when HCH knowingly acquiesced to Floyd's purchase of PT Works in 2009 and it failed to object to Floyd's purchase of HFM for at least eighteen months.  This argument is supported by the excerpts of HCH's CFO's deposition in which he admitted HCH "let it pass" when Floyd purchased PT Works.  Appellant's App. Vol. III p. 37.  The CFO further said "That was my thought on it.  I didn't really think it was of a lot of consequence" and that HCH debated doing nothing when HFM was purchased.  *Id*. at 37–38.  Conversely, HCH argues that it did not waive its right and that it did not have a duty to raise the issue of a possible breach when Floyd purchased PT Works in 2009.  Based upon these disputed facts, the trial court erred when it found that there was no genuine issue of material fact as to waiver.

## C.   Equitable Estoppel

[18]  Finally, Floyd raised equitable estoppel as an affirmative defense.

> [E]quitable estoppel requires a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.

> Equitable estoppel may arise from silence or acquiescence as well as from positive conduct. However, silence will not form the basis of an estoppel unless the silent party has a duty to speak.

*City of New Albany v. Cotner*, 919 N.E.2d 125, 133–34 (Ind. Ct. App. 2009) (internal citations and quotations omitted).

[19] The heart of Floyd's equitable estoppel claim is that HCH had a duty to tell Floyd that it had breached the Operating Agreement when it acquired PT Works and it was at risk of breaching the Operating Agreement again if it were to acquire HFM. Floyd does not cite to any provision of the Operating Agreement or other authority to show that HCH had a duty to inform Floyd that Floyd had breached the Operating Agreement. Thus, the judgment of the trial court concerning the equitable estoppel affirmative defense is affirmed. The case is reversed and remanded to the trial court for a determination of the affirmative defenses of abandonment and waiver on the merits.

## II.  Right of First Refusal

[20] Floyd argues that the parties' contractual right of first refusal is a restrictive covenant that is unenforceable and against public policy. The provision at issue here provided that

> in the event [Floyd] opts to expand any other health services in Harrison County, [Floyd] will provide HCH with a right of first refusal to participate in such expanded health services by means of a 50/50 joint venture between [Floyd] and HCH. With respect to the expansion of health services in Harrison County,

> [Floyd] agrees, on behalf of itself and its Affiliates, to use its good faith efforts to avoid duplication of services currently provided by HCH.

Appellant's App. Vol. II p. 47. This section of the Operating Agreement is titled "Restrictive Covenants." Appellant's App. Vol. II p. 47. However, this title does not properly characterize the content in the section. Black's Law Dictionary defines a restrictive covenant as "a written agreement that limits the use of property for specific purposes and regulates the structures that may be built on it." *Restrictive Covenant*, BLACK'S FREE ONLINE LAW DICTIONARY, https://thelawdictionary.org/restrictive-covenant/ (last visited July 26, 2018). Furthermore, this provision is not a "covenant not to compete." Appellant's Br. p. 38. Black's Law Dictionary defines a covenant not to compete as "the type of agreement where a party agrees not to compete against another business of a similar kind." *Covenant Not to Compete*, BLACK'S FREE ONLINE LAW DICTIONARY, https://thelawdictionary.org/covenant-not-to-compete/ (last visited July 26, 2018). Based on the definitions in Black's Law Dictionary, Floyd and HCH's "restrictive covenant" is neither a restrictive covenant nor a non-compete. It is merely a right of first refusal provision. *See Hyperbaric Oxygen Therapy Sys., Inc. v. St. Joseph Med. Ctr. of Ft. Wayne, Inc.*, 683 N.E.2d 243, 249 (Ind. Ct. App. 1997) (stating that the subject matter of a contractual "right of first refusal" may be anything which parties may make the subject of contracts). Moreover, according to the terms of the Operating Agreement, Floyd could have unilaterally dissolved the LLC at any time, thereby eliminating any restrictions. The parties do not cite to any cases where an

Indiana court has voided a right of first refusal provision in a contract between two private parties. The trial court did not err when it found that the right of first refusal provision in the Operating Agreement was enforceable.

# III.   Damages from the Breach

[21]   In its second summary judgment motion, Floyd asked the court to find as a matter of law that HCH sustained no damages from Floyd's breach. Specifically, Floyd argued that HCH "cannot show that its non-participation actually caused any damages." Appellant's Br. p. 45. "The elements of a breach of contract claim are the existence of a contract, the defendant's breach, and damages to the plaintiff." *WESCO Distribution, Inc. v. ArcelorMittal Ind. Harbor LLC*, 23 N.E.3d 682, 696 (Ind. Ct. App. 2014). In addition to the breach, the defendant must be the cause in fact of the plaintiff's loss. *Id*. "[T]he test of causation is not whether the breach was the only cause, or whether other causes may have contributed, but whether the breach was a substantial factor in bringing about the harm." *Id*.

[22]   Based on our disposition of Issue I, liability has not yet been determined. Without a determination on liability, there can be no ruling on damages. If there is ultimately a determination that Floyd is liable, then the issue of damages can be addressed. We, therefore, affirm the trial court's denial of Floyd's motion for summary judgment on the issue of damages.

[23] Affirmed in part, reversed in part, and remanded for proceedings not inconsistent with this opinion.

Bailey, J., and Mathias, J., concur.