FILED

Aug 20 2019, 7:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR ESTATE OF APPELLANT | ATTORNEY FOR APPELLEE BRIANNA FINNEY |
|---|---|
| Zachary F. Stewart | Kevin Howard Willis |
| Jeffersonville, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clifton E. Sharp, | August 20, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CR-467 |
| v. | Appeal from the Clark Circuit Court |
| State of Indiana, | The Honorable J. Terrence Cody, Special Judge |
| *Appellee-Plaintiff,* | |
| and | Trial Court Cause No. 10C02-1703-F2-9 |
| Brianna Finney, | |
| *Appellee-Claimant,* | |

**Baker, Judge.**

[1]     After Clifton Sharp died, litigation ensued between Brianna Finney, who had posted his bond while he was incarcerated, and his estate (the Estate) as to who is entitled to receive the bond money. The trial court found that the Estate has standing to make a claim for the money but that summary judgment should be entered in favor of Finney. Finding that the trial court properly concluded that the Estate has standing but improperly entered judgment beyond that issue because there are factual matters to be developed, we affirm in part, reverse in part, and remand for further proceedings.

## Facts

[2]     On March 29, 2017, Sharp was charged in Clark County with multiple felonies, including drug possession, maintaining a common nuisance, and drug trafficking. The Estate alleges that while in custody, Sharp negotiated the sale of one of his vehicles to the family of a fellow inmate in exchange for $19,000. The money for the sale was received by Finney, who used part of it to post Sharp's $10,000 bond[1] on January 29, 2018. In April 2018, after Sharp's release, Finney shot and killed him.[2] At no time was his bond ever revoked.

---

[1] In Clark County, inmates are not permitted to post their own bond and must instead find a third party to do so on their behalf.

[2] Finney has not been charged with a crime and maintains that she acted in self-defense.

[3]     On April 20, 2018, Finney filed a motion in the criminal case seeking release of the bond money to her. At some point, the Estate also made a claim for the bond money and asked that it be released to the Estate.

[4]     On July 6, 2018, Finney filed a motion for summary judgment on the issue of the Estate's standing to claim the bond money. Included in her designated evidence was her own affidavit, which attested that she had posted the $10,000 bond but did not assert that the money belonged to her when she posted it. Appellee's App. Vol. II p. 12. The Estate did not file a timely responsive pleading. On August 20, 2018, Finney filed a motion for judgment based on the Estate's failure to respond to the summary judgment motion and the Estate filed a response to the motion for judgment.

[5]     On August 30, 2018, the trial court denied Finney's summary judgment motion, finding that the Estate had standing to make a claim. Because the case now presented an issue of fact, the trial court scheduled an evidentiary hearing.

[6]     On October 15, 2018, the trial judge recused himself from the case. On January 4, 2019, the new judge held a hearing to familiarize himself with the proceedings and to determine the best way to move forward. The hearing consisted solely of a discussion between the attorneys and the judge; no evidence was presented. On January 28, 2019, the trial court entered an order, finding that the Estate had standing. It also went on to address the merits, finding that Finney was entitled to judgment as a matter of law based on the record before it. The Estate now appeals.

# Discussion and Decision

[1] Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[2] By entering a second summary judgment order, the second trial judge overrode the summary judgment order entered by his predecessor. The Estate argues that this should not have been permitted because Finney never asked that the first order be set aside or corrected for error. At the hearing, the following comments were made:

- Finney's attorney: "we just weren't sure, based upon the recusal, if you were planning on starting all over again or, you know, if that hearing had been all of the arguments and evidence offered, we weren't sure if that all just goes away with the recusal and if we have to start all over again or if we're picking up where we left off." Appellant's App. Vol. II p. 91.

- The Estate's attorney: "[m]y inclination, Judge, would be that we would, obviously, has to be something to be ready to present evidence to

this Judge and give you the opportunity to hear the evidence, judge the credibility of the witnesses and go forward . . . ." *Id.* at 91-92.

- The Estate's attorney: ". . . I believe it's, the Court's pervue [sic] to decide whether you take the record and you rule or you want to begin a new [hearing] on recusal, because of the recusal." *Id.* at 93.

The attorneys then proceeded to summarize their legal arguments regarding both standing and the ultimate issue of who has the right to the bond money. We find that by engaging in this discussion, there was an implicit request by Finney to reconsider the first trial judge's ruling on the issue of standing and an implicit agreement to do so by the Estate. Therefore, the trial court did not err by reconsidering the first summary judgment order.

[3] The second summary judgment order resolved two issues: first, whether the Estate had standing; and second, which party was entitled to the bond money. The trial court's order held that the Estate has standing to claim the bond money. Obviously, the Estate does not disagree with this part of the order, nor does Finney argue the issue in her brief.

[4] Since it has been established that the Estate has standing to make this claim, what remains to be determined is whether the trial court properly entered final judgment in Finney's favor given that the summary judgment proceedings related only to the issue of standing. Cutting to the proverbial chase, we find that by making arguments related to the ultimate issue and failing to object to its consideration without another hearing, the Estate has invited any error that

may have occurred with respect to the trial court's decision to consider the ultimate issue.[3]

[5] That said, we also find that the trial court erred by entering judgment as a matter of law in favor of Finney. While Finney has stated that she posted Sharp's bond, she has never claimed that the money was hers. Indiana Code section 35-33-8-3.2(b) states that "[w]ithin thirty (30) days after disposition of the charges against the defendant,[4] the court that admitted the defendant to bail shall order the clerk to remit the amount of the deposit remaining . . . to the defendant." The presumption, therefore, is that the bond money is remitted to the defendant—or, here, his estate.

[6] Of course, it may be the case that another individual—here, Finney—has a claim to the money. *See Garner v. Kempf*, 93 N.E.3d 1091, 1098 (Ind. 2018) (observing that bond proceeds "presumptively belong to the defendant and are to be returned to the defendant unless . . . someone else has a claim to that property" and that an example of such a situation would be "when the bond is

---

[3] We do agree with the Estate, however, that it was not on notice that Finney's summary judgment motion went beyond the issue of standing until the hearing. Therefore, the fact that the Estate did not designate evidence related to the ultimate issue should not be held against it. *See Reiswerg v. Statom*, 926 N.E.2d 26, 30 (Ind. 2010) (holding that "[a] party responding to a motion for summary judgment is entitled to take the motion as the moving party frames it"). Moreover, the mere fact that the Estate did not respond to the summary judgment motion does not mean that Finney's motion should automatically have been granted. *Quirk v. Delaware Cty.*, 91 N.E.3d 1008, 1013 (Ind. 2018) (holding that a trial court is not required to grant an unopposed summary judgment motion; summary judgment is awarded on the merits of the motion rather than on technicalities).

[4] The State dismissed all charges against Sharp after his death. At that point, therefore, the charges had been disposed of.

posted not by the defendant himself but by a third party on the defendant's behalf").

[7] Here, the parties have not had the opportunity to develop a record regarding whether Finney's claim to the money overcomes the presumption that it should go to the Estate. We find that there is an issue of fact in this regard, as it cannot be determined from the record before us whether Finney was acting as Sharp's agent when she posted the bond, using his own money on his behalf, or was, instead, acting on her own behest with her own money—or, in either event, whether Sharp was a third-party beneficiary of the bond contract between Finney and the clerk. Under these circumstances, it was improper to enter summary judgment on anything beyond the issue of the Estate's standing.

[8] The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

Kirsch, J., and Crone, J., concur.